**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENDA J. BUTLER, | No.    17-15056 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00466-HG-KSC |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted November 15, 2019 [**]

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges,

Kenda Butler appeals the district court's order affirming the Social Security

Administration's denial of Title II disability benefits.  We have jurisdiction

pursuant to 28 U.S.C. § 1291.  We review the district court order de novo and the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative decision for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We affirm.

The ALJ gave at least two specific, clear and convincing reasons supported by substantial evidence for finding that Butler's subjective symptom testimony was not entirely credible: (1) Her testimony about the frequency of her severe headaches was inconsistent with statements she made to providers; and (2) her testimony about the limited use of her right hand, eyesight, and lack of balance was inconsistent with the medical records and her extensive daily living activities. *Molina v. Astrue*, 674 F.3d 1104, 1112-14 (9th Cir. 2012) (holding that inconsistent statements, medical evidence, and daily living activities may provide clear and convincing reasons to reject subjective symptom testimony). The ALJ reasonably considered the fact that she stopped working for reasons other than her disability. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).[1]

The ALJ also gave specific and legitimate reasons supported by substantial evidence for giving only some weight to the opinions of Dr. Devere and Dr. Fong.

---

[1]The ALJ erred in her analysis of Butler's decision to forego certain other pain medications for her headaches. Butler offered a plausible explanation for why she declined to try different medications – *viz.*, she tried a similar medication in the past that made her feel worse, and she feared addiction to narcotic pain killers. These are reasonable explanations, even if another patient might have weighed the potential benefits and risks differently.

The ALJ reasonably adopted the findings that were consistent with the objective medical findings, Dr. Liem's treating surgeon notes, and Butler's testimony about her ability to use her hands to perform fine motor functions. The opinion that Butler could only occasionally use her right hand to grasp, finger, and feel was inconsistent with Butler's testimony that could perform all fine motor skills, play the piano or use a computer keyboard for up to 30 minutes at a time, home school her six-year-old for two hours a day, and engage in other extensive daily living activities. The opinion that Butler was limited on her left side was inconsistent with objective findings, including Dr. Devere's contemporaneous objective findings of normal left-sided coordination, strength, tone, and reflexes in all of Butler's upper and lower extremities. The extremely limited findings regarding Butler's ability to sit were inconsistent with Butler's testimony, medical records, and her extensive daily living activities. *Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (holding that an ALJ may consider inconsistent objective medical findings and daily living activities).

**AFFIRMED.**